IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| vs. | Criminal No. 09-152 |
| | See Civil Action No. 12-523 |
| RYAN OATS, | |
| Defendant/petitioner. | |

ORDER

AND NOW, this 25th day of April, 2012, upon consideration of Defendant's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence (document No. 117) filed in the above captioned matter on April 20, 2012,

IT IS HEREBY ORDERED that said Motion is DENIED without prejudice.

Defendant's motion is premature. His direct appeal is currently pending before the Third Circuit Court of Appeals. See document No. 97.[1] While there is no jurisdictional bar to consideration of a motion to vacate pursuant to 28 U.S.C. §2255 during the pendency of a direct appeal, ordinarily such a motion is deemed to be premature and dismissed without prejudice. See United

---

[1] Defendant may be unaware that the July 20, 2011, letter which he submitted to the United States Court of Appeals for the Third Circuit was treated as a Notice of Appeal and his appeal is pending before that Court.

1

States v. Banks, 269 Fed. Appx. 152, 153 (3d Cir. 2008) ("In the context of collateral attacks upon convictions, courts have concluded that there is no jurisdictional bar to a district court's adjudication of a §2255 motion while the movant's direct appeal is pending, but that such actions are disfavored as a matter of judicial economy and concern that the results on direct appeal may make the district court's efforts a nullity.") (citing United States v. Prows, 448 F.3d 1223, 1228-29 (10th Cir. 2006)).

As the Third Circuit noted in Kapral v. United States, 166 F.3d 565 (3d Cir. 1999), a "collateral attack is generally inappropriate if the possibility of further direct review remains open: A district court should not entertain a habeas corpus petition while there is an appeal pending." Id. at 570. As such, "in the absence of extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a §2255 motion while review of the direct appeal is still pending." Id. at 572 (quoting United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir. 1980)). See also Rule 5, Rules Governing §2255 Proceedings, Advisory Committee Note.

Accordingly, because Defendant's direct appeal is still pending and because there are no extraordinary circumstances that would warrant collateral review during the pendency of that appeal,

Defendant's motion is denied without prejudice to his right to seek Section 2255 relief after his appeal has been decided.

                                                    s/Alan N. Bloch
                                               United States District Judge

ecf:      Counsel of record

cc:       Ryan Oats, #30581-068
          CI Moshannon Valley
          555 Geo Drive
          Philipsburg, PA   16866